APPEAL TO
THE CIR. C.
Case 39.

## Sturgus' adm'r. vs. White's adm'r.

Error to the Madison Circuit Court; GEO. SHANNON, Judge.

*Justices of the Peace. Constables. Appeals.*

May 2.

Judge OWSLEY, delivered the Opinion of the Court.

It cannot be objected in the circuit court for the first time, that the warrant had been returned and the judgment rendered against the appellant, defendant below, by a justice out of the district where defendant resided.

IT seems to this court that it was in violation of that provision of the act of assembly concerning appeals from the judgments of justices of the peace, which forbids the dismission of any appeal for an irregularity in the proceedings had before the justice, and which requires the appeal to be tried on its merits in the circuit court as though no trial had been previously had thereon, to allow the appellant in the circuit court (defendant in the warrant) for the first time to object on the trial of the appeal to the return made by the constable of the warrant to a justice without the district in which the defendant in the warrant resided, and that it was erroneous for the circuit court to sustain the objection taken on that ground, and to instruct the jury to find in favour of the appellant.

The judgment is therefore reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.

*Breck* for plaintiffs; *Caperton* for defendants.

---

EJECTMENT.
Case 40.

## Smith vs. Mahan &c.

Appeal from the Bourbon Circuit; GEORGE SHANNON, Judge

*Conveyances. Coparceners. Warranty. Estoppel. Co-tenants. Demises.*

May 2.

Judge OWSLEY delivered the Opinion of the Court.

Verdict and judgment in ejectment for plaintiff, and appeal by defendant.

THIS writ of error is prosecuted by Smith to reverse a judgment rendered against him in an action of ejectment in which he was defendant.

The trial was had on the general issue, and the verdict upon which the judgment was rendered, was found by the jury in conformity to the instructions of the court.

So much of the proceedings as are necessary to an understanding of the question presented for the determination of this court may be discovered from a brief summary of facts.

Many years ago a grant issued from the commonwealth to John Mahan for a tract of land, part of which is now the subject of contest, and upon his death, the title to the land descended upon his children and heirs, Wm. Mahan, Thomas Mahan, Raney Mahan, Agnes M. Mahan, Elizabeth Clarkson and John R. Mahan. The land was afterwards sold, and deeds of conveyance executed by Wm. Mahan, Agnes Mahan, Raney Mahan, and Charles Clarkson the husband of Elizabeth Clarkson, to others, under whom Smith, the defendant in the court below, and plaintiff in error, holds. In each of these deeds there is a warranty of the title by the respective vendors against themselves and all persons claiming by, through, or under them. Subsequent to the date of these deeds, John R. Mahan, one of the children of the grantees from the commonwealth, departed this life, and being without children, the title which he derived by inheritance from his father, descended upon his brothers and sisters in coparcenary, of whom Wm. Mahan, Raney Mahan, and Elizabeth Clarkson are part. To recover the land to which they became thus entitled by descent from their brother, Wm. Mahan, Raney Mahan, and Elizabeth Clarkson, brought this ejectment against Smith, who is in possession thereof. The declaration contains several demises; but no question was made in the court below applicable to any but the first, and that is a joint one in the names of Wm. Mahan, Raney Mahan, and Elizabeth Clarkson.

*Statement of the facts.*

After the evidence was closed, the court instructed the jury that the lessors in the first demise laid in the declaration, had shewn title to one fifth of the land in contest, and that a verdict for that much should be found against the defendant in that court.

The question is, as to the correctness of the instruction.

It is perfectly clear that the instruction cannot be maintained upon the title which was derived by two

*Where one coparcener*

SMITH
vs.
MAHAN &c.

executes a deed of conveyance for the whole land, his warranty, tho' against only those claiming under him, will estop him from aserting title, against his alienee or vendee, to an interest which afterwards descends on him from his coparceners.

—Otherwise, had the conveyance been of only the grantors interest.

of the lessors from their deceased brother. Upon the death of that brother, the title which he then possessed no doubt descended by operation of law to the three lessors in coparcenary with their other brothers and sisters; and if no act had been previously done by any of them to prevent their recovery, the interest so derived by them from their brother, might have been recovered in the present action. But it appears that two of them, William and Raney Mahan, had, before the death of their brother, executed to persons under whom Smith claims, deeds of conveyance, with warranty against them and others claiming under them, for the same tract of land to which their brother held title in coparcenary with them, and to recover which this action is brought; so that by force of their warranty they must necessarily be estopped to assert against their vendees or others claiming under them, any title thereafter derived by descent or otherwise. Such, it is true, would not have been the effect of the warranty, if, as was contended in argument, the deeds were construed to import a conveyance of nothing more than the undivided coparcenary interest to which at the time, the vendors were entitled; but according to no rule of interpretration can the deeds, or either of them, be so construed. The language used in each deed plainly imports a conveyance of the whole tract, and neither deed contains any expression calculated to limit the operation of the warranty to a part of the title only. Being therefore concluded by their warranty, neither William nor Raney Mahan can have shewed any title to any part of the land in contest.

In an action on a joint demise, title must be proved in all the lessors, or nothing can be recovered.

But with respect to the other lessor, there is no such estoppel. By any thing contained in the record, she is not proved to have made and executed in the form required by law any conveyance by which she can be concluded from asserting the title derived by descent from her brother; and if no other objection to her recovery existed, the court might with correctness have instructed the jury to find against Smith to the extent of her interest in the land. But she has united in a joint demise with the other lessors, and the rule is well settled that under such a de-

mise there can be no recovery, though one be proved
to have title, if the others have none.

Without therefore noticing any other point, it is
perfectly clear that the court erred in the instruction
to the jury, and for that cause the judgment must be
reversed with costs, the cause remanded to the court
below, and further proceedings there had not incon-
sistent with this opinion.

*Hanson* for appellant; *Talbott* for appellees.